FILED
United States Court of Appeals
Tenth Circuit

July 22, 2019

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT
_____

WILLIAM CONRAD YEAGER, II,

    Plaintiff - Appellant,

v.

NATIONAL PUBLIC RADIO; ANDREW
FLANAGAN; JACOB GANZ; ASHLEY
MESSENGER,

    Defendants - Appellees.

No. 18-3252
(D.C. No. 5:18-CV-04019-SAC-GEB)
(D. Kan.)

_____

ORDER AND JUDGMENT[*]
_____

Before **MATHESON**, **PHILLIPS**, and **CARSON**, Circuit Judges.
_____

    William Conrad Yeager, II, appeals pro se from a district court order that

dismissed his defamation lawsuit against National Public Radio ("NPR"), NPR journalist

Andrew Flanagan, NPR reporter Jacob Ganz, and NPR attorney Ashley Messenger.

Exercising appellate jurisdiction under 28 U.S.C. § 1291, we affirm.

_____

    [*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

# I. BACKGROUND

According to the complaint, Mr. Yeager is "an artist, musician, filmmaker, performance artist, activist and humanitarian" who resides in Kansas. R., Vol. I at 11. On March 23, 2017, NPR published an article on its website written by Mr. Flanagan titled, "The Most Expensive Record Never Sold, Discogs, Billy Yeager and the $18,000 Hoax that Almost Was." *Id.* at 74. The article said Mr. Yeager had a penchant for dubious promotional activities, such as pretending to be the son of Jimmy Hendrix and attempting to sell his own album to himself on an internet auction site for $18,000. The article described him as "a trickster-booster" and said "the story of Billy Yeager is one of purposeless obfuscation," R., Vol. I at 15. *Id.* at 32, 123.

The following day, NPR broadcast an interview between Mr. Flanagan and Mr. Ganz on its "All Things Considered" program. Mr. Ganz referred to Mr. Yeager as a "huckster" and a "charlatan," *id.*, and said Mr. Yeager was "far more interested in infamy . . . and the chase of pulling the wool over people's eyes" than he was in attaining real fame, *id.* at 19.

The complaint alleged these and other false statements "obliterated [his] 40 year career overnight." *Id.* at 17. He contacted attorney Messenger and requested that NPR remove the article and the interview from its website. She refused, but offered Mr. Yeager the opportunity to respond in an NPR forum. He declined.

2

In March 2018, Mr. Yeager filed a 93-page, pro se complaint against NPR, Mr. Flanagan, Mr. Ganz, and Ms. Messenger. He pled multiple claims of defamation.[1] The complaint alleged that Mr. Flanagan's "[a]rticle was nothing more than a bumptious labyrinth of malicious statements and innuendos," *id.* at 22, and that the "All Things Considered" interview "was nothing more than an acrimonious prattling, slandering Plaintiff, with an apparent agenda," *id.* at 18. He complained that Ms. Messenger "willingly allowed The Article to remain online" and was liable "as a cohort." *Id.* at 42, 46. The defendants moved to dismiss.

The district court concluded the complaint failed to state a claim for relief. It found Mr. Yeager was a limited purpose public figure and therefore was required to allege that NPR published the statements about him with actual malice. *See World Wide Ass'n of Specialty Programs v. Pure, Inc.*, 450 F.3d 1132, 1136 (10th Cir. 2006); *see also New York Times Co. v. Sullivan*, 376 U.S. 254, 279-80 (1964) (defining actual malice as publishing "with knowledge that [statement] was false or with reckless disregard of whether it was false of not"); *Curtis Publishing Co. v. Butts*, 388 U.S. 130, 155 (1967) (extending actual malice requirement to public figure libel plaintiffs); *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 351 (1974) (defining limited purpose public figure). The court said he did not do so. It also determined that the statements were not actionable because they were (a) based on the speaker's subjective opinion, (b) not defamatory, or (c) so

---

[1] The district court construed the allegations as also pleading a claim for false-light invasion of privacy.

vague as to be subject to multiple interpretations.[2]  Accordingly, the district court gave Mr. Yeager the opportunity to file an amended complaint.

Mr. Yeager responded by submitting a 220-page proposed amended complaint, which added a claim designated as "Tort of Outrage" based on NPR's "wrongful actions."  *Id.* at 599.  The district court noted that it was "similar to [the] original complaint and read[ ] something like a motion for reconsideration," *id.* at 690.  The court concluded its prior analysis of Mr. Yeager's claims applied to the proposed amended complaint.  As to the tort of outrage, the court concluded the amended complaint did not allege extreme and outrageous conduct.  Accordingly, the court denied leave to amend on the basis of futility and granted the defendants' motion to dismiss.

## II.  **DISCUSSION**

"[W]e exercise de novo review when a court denies a request to amend on the ground that amendment would be futile" and dismisses the complaint for failure to state a claim.  *Nakkhumpun v. Taylor*, 782 F.3d 1142, 1146 (10th Cir. 2015).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Mr. Yeager's appellate briefs, even liberally construed, do not satisfy Federal Rule of Appellate Procedure 28, which requires "a succinct, clear and accurate statement of the

---

[2] The district court also concluded that Ms. Messenger was entitled to dismissal on the additional ground that liability does not attach for refusing to retract a defamatory statement.

arguments made in the body of the brief[ ] and . . . appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840-41 (10th Cir. 2005) (internal quotation marks omitted). The briefs offer little more than generalized assertions of error, together with attacks on the appellees and their counsel. Briefing of this nature can "disentitle [a pro se litigant] to review by this court." *Id.* at 841.

Although Mr. Yeager may have preserved his argument as to whether he is a limited public figure and whether Mr. Flanagan made the "purposeless obfuscation" statement with actual malice, he does not address the court's alternative grounds for dismissal of the defamation claims. *See also* Aplt. Opening Br. at 5. "[W]here a district court's disposition rests on alternative and adequate grounds, a party who, in challenging that disposition, only argues that one alternative is erroneous necessarily loses because the second alternative stands as an independent and adequate basis, regardless of the correctness of the first alternative." *Shook v. Bd. of Cty. Comm'rs*, 543 F.3d 597, 613 n.7 (10th Cir. 2008).

Although Mr. Yeager mentions the district court's alternative grounds to dismiss regarding the "purposeful obfuscation" statement, he presents no argument against those rulings. We "will not consider issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation." *Armstrong v. Arcanum Grp., Inc.*, 897 F.3d 1283, 1291 (10th Cir. 2018) (ellipsis and internal quotation marks omitted). Thus, Mr. Yeager cannot succeed on appeal.

## III. **CONCLUSION**

We affirm the district court's judgment.

Entered for the Court


Scott M. Matheson, Jr.
Circuit Judge